FILED
CLERK OF COURT

2025 NOV 14 PM 12: 00

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | **CRIMINAL CASE NO.: CF0650-24** |
| vs. | |
| ERIC MATTHEW CRUZ, | **DECISION AND ORDER RE: PEOPLE'S MOTION TO RECONSIDER** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on September 30, 2025, for a Motion Hearing regarding the People of Guam's ("People's") Motion to Reconsider. Attorney General Christine S. Tenorio represented the People. Attorney Brycen Breazeale of the Alternate Public Defenders represented Defendant Eric Matthew Cruz. The People filed the Motion to Reconsider on August 25, 2025. Defendant Cruz filed his Response to the People's Motion to Reconsider on August 28, 2025. After reviewing the Motion, the pleadings on the record, and the relevant law, the Court now issues this DECISION and ORDER **GRANTING** the People's Motion to Reconsider.

## BACKGROUND

The People obtained a Superseding Indictment in this case on August 14, 2025. This indictment added a count of First Degree Criminal Sexual Conduct and three counts of Second Degree Criminal Sexual Conduct involving an additional alleged victim, C.C., whose allegations occurred several years before the first alleged victim's, B.C.'s, allegations. Defendant Cruz filed a Motion

to Sever Charges based on this Superseding Indictment on August 15, 2025. The People filed their opposition to the Motion to Sever Charges on August 22, 2025. Defendant Cruz filed a reply brief on August 21, 2025. The Court issued its Decision and Order regarding the Motion to Sever Charges on August 22, 2025 without a motion hearing on the matter.

The People gave additional information in both the Motion to Reconsider and the motion hearing that was not before the Court at the time the Decision and Order was filed on August 22, 2025. C.C., the additional alleged victim added to the Superseding Indictment, was a sibling of B.C., the alleged victim listed in the original indictment. People's Mot. Recons. at 2 (Aug. 25, 2025). The People contended that the age gap between the two alleged occurrences is relevant because of the familial connection between the two alleged victims. *Id.*

## LAW AND DISCUSSION

Under the Local Rules of the Superior Court of Guam CR 1.1(d), a motion for reconsideration renews a motion previously brought. CR 1.1(d) states that "[a] motion may be renewed only on the grounds of . . . a manifest showing of a failure to consider material facts presented to the Court before such decision. . ." Under Guam law, two or more offenses "may be charged in the same indictment if the offenses charged are of the same or similar character or based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." 8 G.C.A. § 55.35(a) (1976).

Here, a motion to reconsider is appropriate because the Court failed to consider the fact that the alleged victims were related. The Court made its Decision and Order before the parties could appear before the Court in a motion hearing. The People stated that had there been such a motion hearing, the People would have presented the relation between the two alleged victims. Mot. Recons. Hr'g (Sept. 30, 2025). The People stated that this fact was not included in their

Opposition to Defendant's Motion to Sever Charges because of a concern for keeping the alleged victims anonymous. *Id.*; People's Mot. Recons. at 2. Thus, the Court, by failing to have a motion hearing, failed to consider the material fact that the alleged victims in the Superseding Indictment were related.

The fact that the two alleged victims were related is material to the Court's analysis. The Court decided to sever charges because the "probative value of the allegations made by C.C. is substantially outweighed by the danger of unfair prejudice for the Defendant." Dec. & Order at 4 (Aug. 22, 2025). The Court now considers the fact that the two alleged victims were siblings and that the gap in the alleged occurrences is due to the age gap between the siblings. This fact makes the crimes so closely related as to be the same scheme or plan. Thus, the Court's balancing test in the previous Decision and Order is inaccurate. The allegations made by C.C. are not substantially outweighed by the danger of unfair prejudice to the Defendant because C.C.'s allegations are closely related to B.C.'s allegations. Thus, the relationship between the alleged victims is a material fact.

## CONCLUSION AND ORDER

Based on the foregoing, the Court **GRANTS** the People's Motion to Reconsider.

**SO ORDERED** _____11/14_____, 2025.

**HON. JOHN C. TERLAJE**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
- acknowledge that an electronic
Copy of the original was e mailed to
_AG, APD_

Date _11/14/25_ Time: _12:06pm_
_Albert Calvo_
Deputy clerk, Superior Court of Guam